IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-02634-CYC

JHONATAN DAVID SOTELO PIZON,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora Detention Facility, in his official capacity;
GEORGE VALDEZ, Acting Director of Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity;
DAVID J. VENTURELLA[1], Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; in his official capacity; and
TODD BLANCHE, Acting Attorney General of the United States, in his official capacity,

     Respondents.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Jhonatan David Sotelo Pizon, a detainee at the Denver Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in part the Petition.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David J. Venturella is automatically substituted for Todd Lyons as the Acting Director of U.S. Immigration and Customs Enforcement.

**BACKGROUND**

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). Among other things, the petitioner seeks release or, in the alternative, a bond hearing before a neutral decision-making at which the United States bears the burden of proof. ECF No. 1 at 21.

The petitioner, a citizen of Colombia, has lived in the United States since he entered the country on January 13, 2024. ECF No. 1 ¶¶ 36, 45. At that time, he was taken into custody by Department of Homeland Security officials ("DHS") and shortly thereafter was released on his own recognizance under DHS's discretionary § 1226(a) authority. *Id.* ¶¶ 3, 46–53; ECF No. 1-1 at 2. For more than two years, the petitioner successfully complied with the terms of his release. ECF No. 1 ¶ 193. To wit, during that time, the petitioner has "lived openly in the United States, maintained a known residence, remained subject to the jurisdiction of the immigration court, accumulated no criminal convictions, incurred no pending criminal charges, and posed no threat to public safety." *Id.* ¶ 5.  Respondents do not dispute that the petitioner has fully complied with the terms of his release.

2

Nevertheless, on May 13, 2026, the petitioner was taken into immigration custody after he was arrested during a routine traffic stop in Wyoming where he was a passenger in the vehicle. *Id.* ¶¶ 11–16. He was transported to the Denver Contract Detention Facility in Aurora, Colorado and has been detained there since. *Id.* ¶ 17. The petitioner argues that he is entitled to release or a bond hearing under 8 U.S.C. § 1226. *Id.* ¶¶ 24–26. The respondents do not offer any evidence that the petitioner has criminal history that requires mandatory detention under 8 U.S.C. § 1226(c), nor that since his release on recognizance, there has been a change in circumstances warranting the revocation of his release and placement in detention. In fact, they do not make any legal argument but simply "maintain that Petitioner's detention is lawful and do not concede that it is unlawful." ECF No. 9 at 1.

**ANALYSIS**

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that his continued detention premised on 8 U.S.C. § 1225(b)(2)(A) violates his due process rights and the Immigration and Nationality

3

Act. ECF No. 1, ¶¶ 159–201. The Court has previously resolved this legal question in favor of similarly situated petitioners. *See, e.g., Jimenez Facio*, 2025 WL 3559128, at *1–4. The respondents filed only a one-paragraph response stating that they "maintain that Petitioner's detention is lawful and do not concede that it is unlawful," but "recognize that the Court may . . . decide to grant the Petition and award appropriate relief." ECF No. 9 at 1.

The Court remains firmly convinced that it and other judges in the District who have issued decisions that are in agreement with this Court's prior rulings have correctly decided those cases and incorporates its analysis from *Jimenez Facio*. 2025 WL 3559128, at *1–4. The Court is aware of decisions from the Fifth and Eighth Circuits, as well as this District, reaching the opposite conclusion, *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502-08 (5th Cir. 2026), *Avila v. Bondi*, 170 F.4th 1128 (8th Circ. 2026), *Singh v. Blanche*, No. 26-cv-00421-DDD-KAS, ECF No. 12 (D. Colo. Apr. 15, 2026), but finds that Judge Sweeney's thorough rebuttal of *Buenrostro* provides a solid foundation to continue to adhere to the weight of authority in this District, as *Avila* and *Singh* rely on much the same reasoning and are non-binding. *See Singh v. Baltazar*, 819 F. Supp. 3d 1247, 1250–54 (D. Colo. 2026). Furthermore, decisions recently issued by the Second, Sixth, and Eleventh Circuits support this Court's prior analyses and conclusions on the question before the Court in this case: namely, whether the petitioner is detained under § 1225(b) or § 1226(a). *See Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Detention Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). Regardless, until the Tenth Circuit rules on this issue, this Court's prior rulings on the identical legal issue dictate the same

result here. Having reviewed all of the relevant authority, the Court finds no reason to reverse itself.

Accordingly, the Court finds that the petitioner is detained pursuant to 8 U.S.C. § 1226, and his continued detention without a bond hearing is therefore a violation of due process.

Turning to the question of the appropriate relief, under the particular circumstances of this case, the petitioner is entitled to immediate release, not a bond hearing before an immigration judge. The petitioner was initially released under § 1226(a) by DHS, and he complied with the terms of his release and the mandates of immigration court for over two years before his re-detention. As Judge Sweeney explained in granting release on very similar facts, the initial decision to release the petitioner "means that immigration officials have already determined that [he] is neither a flight risk nor a danger to the community," and nothing has happened in the interim to affect that assessment. *Singh*, 819 F. Supp. 3d at 1250. Therefore, there is "no reason to prolong Petitioner's detention now." *Id.* This Court previously ordered release in a case presenting materially indistinguishable circumstances. *Yuffra Giron v. Baltazar*, No. 26-cv-02186-CYC, 2026 WL 1661375 (D. Colo. Jun. 8, 2026). And other courts in this district have reached the same conclusion when presented with the same or similar facts. *See, e.g.*, *Pineda Tijerino v. Baltazar*, No. 26-cv-00907-RBJ, ECF No. 9 (D. Colo. Mar. 30, 2026); *Kumar v. Baltazar*, No. 26-cv-00254-RMR, 2026 WL 642888, at *3 (D. Colo. Mar. 6, 2026); *Hernandez v. Noem*, No. 25-cv-03983-NRN, 2026 WL 621333, at *2 (D. Colo. Mar. 5, 2026) (granting release where petitioner was released on bond by an immigration judge before instant re-detention). Accordingly, the respondents shall release petitioner on the same conditions that governed his release prior to his recent re-detention.

5

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 22. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED**.

It is further ORDERED that

(1) Within 24 hours of this ORDER, the respondents shall **RELEASE** the petitioner on the same conditions that governed his release as of May 13, 2026;

(2) the respondents shall file a status report within **seven days** of this ORDER informing the Court of petitioner's release.

Entered and dated this 25th day of June, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

6